POPULAR LEASING USA, INC.,       )
                             )
          Plaintiff,       )
                             )
        vs.           )       No. 4:04CV1719-DJS
                             )
ECOPLAN, P.A. and MARTIN SANTINI,  )
                             )
        Defendants.     )

**ORDER**

The petition originally filed in state court in this matter alleges that defendant Ecoplan, P.A. leased certain equipment from NorVergence, and that defendant Martin Santini executed a guaranty of Ecoplan's obligations under the subject Equipment Rental Agreements. Plaintiff brings the instant action as the assignee of NorVergence, alleging Ecoplan's default on the agreements and seeking the principal sum of $44,500.25 plus interest at the annual rate of 9% from September 27, 2004 and attorney's fees. Now before the Court are plaintiff's motion to remand and defendants' motion to dismiss.

The remand motion presents the threshold issue of the Court's subject matter jurisdiction. The plainly inadequate Notice of Removal predicates removal on the summary assertion that "[t]his action is one which (sic) the court has Diversity Jurisdiction and also concerns Federal issues arising out of a Bankruptcy filed in

New Jersey." Plaintiff's motion to remand challenges the assertion of diversity jurisdiction and the assertion of federal question jurisdiction, and further contends that defendants contractually waived their right of removal by a forum selection clause contained in the Equipment Rental Agreements.

The party invoking the Court's jurisdiction bears the burden of establishing that such jurisdiction exists. Federal Practice & Procedure: Jurisdiction 2d, §3739, p.581 (1985). Furthermore, where there exists doubt as to the propriety of removal, those doubts should be resolved in favor of remand. Id. at §3739, p.584. As for removal predicated upon federal diversity jurisdiction, the Court believes it appropriate to attempt a valuation of the amount in controversy based on the allegations and prayer of the state court petition. In this instance, however, the Court is not persuaded that a reasonable appraisal yields an amount in controversy greater than the $75,000 federal minimum for diversity jurisdiction. This is principally because the valuation of plaintiff's attorney's fees which is necessary to exceed this minimum is not rationally supported by the record.[1]

Defendants' justification for the existence of federal question jurisdiction is even less persuasive. The bare statement in the notice of removal that the action relates in some

---

[1] For a similar holding by another judge of this Court on an analogous record, see Popular Leasing USA, Inc. v. R. Jack Ayres, Jr., P.C., 4:04CV1441-TCM, Memorandum and Order of March 8, 2005 [Doc. #25].

unexplained way to an unidentified New Jersey bankruptcy proceeding is unavailing. Defendant's five-paragraph motion to dismiss invoking the same argument is equally skeletal and also lacks sufficient facts and legal authority to demonstrate that federal question jurisdiction supports removal of plaintiff's breach of contract claims. Only in defendants' memorandum in opposition to plaintiff's motion to remand do defendants identify the bankruptcy proceeding relied upon as that of NorVergence. The brief treatment of the issue[2] there, however, is insufficient to demonstrate that the claims asserted by Popular Leasing against Ecoplan and Santini in this action affect NorVergence's bankruptcy estate or otherwise constitute "core proceedings" within the jurisdiction of the bankruptcy court presiding over NorVergence's Chapter 7 proceedings.

Having found that the two asserted bases for removal jurisdiction are not well-supported in the notice of removal or by the record thereafter made in this matter, the Court will remand this action to the Circuit Court of St. Louis County. The Court therefore need not address plaintiff's final argument concerning the forum selection clause of the Equipment Rental Agreements.[3]

---

[2] Treatment of the bankruptcy-related argument consists of two paragraphs out of 18 pages. Memorandum in Opposition [Doc. #12], pp.16-17.

[3] The Court notes, however, that several other judges of this Court have held that the clause is valid and enforceable, though without need to address whether it precludes removal from a state court forum chosen by the assignee. Popular Leasing USA, Inc. v.

Having determined that remand is necessary and appropriate, the Court also does not reach the issues presented in defendants' motion to dismiss. The motion will be denied without prejudice to defendants reasserting any grounds for dismissal before the state court following remand.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #8] is granted, and this action shall be remanded to the Circuit Court of St. Louis County.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss [Doc. #3] is denied without prejudice.

Dated this  26th  day of May, 2005.

                              /s/ Donald J. Stohr
                              UNITED STATES DISTRICT JUDGE

---

Mednet Healtchare Technologies, Inc., 4:04CV1571-JCH, Order of May 16, 2005 [Doc. #16]; Popular Leasing USA, Inc. v. National Restoration Systems, Inc., 4:04CV1629-AGF, Memorandum and Order of May 3, 2005 [Doc. #23]; Popular Leasing USA, Inc. v. Austin Auto. Warehouse, Corp., 4:04CV1619-TCM, Memorandum and Order of March 17, 2005 [Doc. #26].